■ RALPH RUSSO et al., Respondents, v ALAN BESIDINE, Appellant. — Order, Supreme Court, Bronx County (Silbowitz, J.), entered January 3, 1983, which treated plaintiffs' motion to amend the caption of both the summons and complaint as one for a change of venue from Westchester to Bronx County and granted the same, unanimously affirmed, with costs and disbursements. Plaintiffs, alleging a typographical error, moved to amend both the summons and complaint in this action for dental malpractice, to substitute Bronx for Westchester County in the caption. Referring to the motion as one for a change of venue defendant opposed the application and argued that venue was properly placed in Westchester County, that the motion could not be made in the transferee county and, finally, that a sufficient showing had not been made for a change of venue. As Special Term recognized, plaintiffs intended to commence their action in Bronx County, as evidenced by the notice on the summons that they designated Bronx County as the place of trial. Venue was based on "Defendant's Place of Business". As explained, a secretary in the office of plaintiffs' attorney, however, had mistakenly typed "WESTCHESTER", rather than "BRONX", after the preprinted words "County of" in the caption of both the summons and complaint. It is conceded that defendant maintains his principal office in The Bronx. Thus, a proper basis existed for placing venue in Bronx County, although venue could also have been placed in Westchester.

(See CPLR 503, subds [a], [d].) Since the motion to amend was made to correct an obvious typographical mistake, of which defendant's attorney had been given notice earlier at the time the mistake was discovered, the motion should have been considered as one either to correct a mistake or irregularity (CPLR 2001), or to correct a defect in the form of the papers (CPLR 2101, subd [f]), and not, as defendant referred to it, one for a change of venue. In light of the explicit notice on the summons that plaintiffs had chosen The Bronx as the county of venue on the basis of defendant's place of business, defendant's argument that venue had been placed in Westchester County is specious. No change in venue was necessary, only a correction of an obvious mistake. "A defect in the form of a paper, if a substantial right of a party is not prejudiced, [should] be disregarded by the court, and leave to correct * * * freely given." (CPLR 2101, subd [f].) Concur — Murphy, P. J., Kupferman, Sandler, Sullivan and Alexander, JJ.